STATE OF MAINE                              UNIFIED CRIMINAL DOCKET

Cumberland, ss.              JUL 1 0 2017


STATE OF MAINE

v.                                      Docket Nos. CUMCD-VI-16-0875, -0876, -0878

HEIDI KENDRICK
MARTHA MURDICK
and ELIZABETH STOTHART

### Defendants

### ORDER ON DEFENDANTS' MOTION TO DISMISS

These three consolidated civil violation cases are before the court for decision on the Motion to Dismiss filed by the Defendant in each case ["combined Motion to Dismiss"].

The Defendants are alleged to have violated the Maine statute on unlawful removal of temporary signs in a public right-of-way, 23 M.R.S. § 1917-B.

Defendants do not dispute that they removed the signs that the State says they did. The Defendants' combined Motion to Dismiss is based solely on the undisputed content of the removed signs. Defendants say that the statute they are accused of violating, 23 M.R.S. § 1917-B, prohibits the removal of signs that meet certain criteria, and that, because the signs they removed do not meet those criteria, they are entitled as a matter of law to have the charges against them dismissed.

The State responds by saying that Maine law prohibits anyone except the Commissioner of Transportation (or the Commissioner's designee) from removing signs

1

from a public way; that the legislative history of section 1917-B supports the State's position, and that the Defendant's interpretation would create an absurd result.

*Undisputed Facts*

Defendants are accused of removing a number of political signs along the public right-of-way on Route 1 in Falmouth shortly before midnight October 14, 2016, in violation of 23 M.R.S. § 1917-B.

The parties have stipulated that all of the signs at issue were identical in appearance and wording to the sign admitted as State's Exhibit A. State's Exhibit A is a double-sided plastic sign that can be slid onto a steel frame with two legs that can be inserted into the earth. The two sides of the sign are identical, and contain large and small type. The large type reads as follows:



At the bottom of the sign, a much smaller line of type in the center of the sign reads as follows:

> POL. ADV. PAID FOR BY MAKING MAINE GREAT AGAIN PAC, JULIE SHEEHAN TREASURER. NOTICE: IT IS A VIOLATION OF STATE LAW (CHAPTERS 392 AND 393, TRANSPORTATION CODE) TO PLACE THIS SIGN IN THE RIGHT-OF-WAY OF A HIGHWAY.

At each of the lower corners of the sign admitted as Exhibit A, other small type identifies the manufacturer of the sign and identifies the sign as being made of recycled material.

Although the sign admitted as Exhibit A identifies the Making Maine Great Again PAC as having paid for the sign, it does not state whether that organization placed the sign in the public right-of-way, and does not contain any address for that organization. It also does not designate the time period during which the sign would be maintained within the public right-of-way.

*Analysis*

The statute that the Defendants are accused of violating reads as follows:

> A person who takes, defaces or disturbs a sign placed within the public right-of-way in accordance with section 1913-A, subsection 1, paragraph L commits a civil violation for which a fine of up to $250 may be adjudged. This section does not apply to a person authorized to remove signs placed within the public right-of-way in accordance with section 1913-A, subsection 1, paragraph L.

23 M.R.S. § 1917-B.

The cross-referenced provision, at section 1913-A(1)(L) reads as follows:

> L. Temporary signs placed within the public right-of-way for a maximum of 6 weeks per calendar year. A temporary sign may not be placed within 30 feet of another temporary sign bearing the same or substantially the same message. A temporary sign may not exceed 4 feet by 8 feet in size. A sign under this paragraph must be labeled with the name and address of the individual, entity or organization that placed the sign within the public right-of-way and the designated time period the sign will be maintained within the public right-of-way.

Defendants read section 1917-B to prohibit the removal only of signs that fully comply with section 1913-A(1)(L). They say that because the signs in this case do not

contain the name and address of the person or persons who placed the signs and the designated time period the signs would be kept in the public right-of-way, they do not comply with section 1913-A(1)(L), and thus are not within the scope of the section 1917-B prohibition against removal of lawful signs.

The State says that section 1917-B has to be read in conjunction with 23 M.R.S. § 1917, which covers removal of unlawful signs, both inside and outside the public right-of-way. Unlawful signs outside the public right-of-way must be removed by the owner within 30 days of receiving a notice to do so from the Commissioner of Transportation, and may be removed by the Commissioner if the owner fails to comply. *Id.* § 1917(1)-(2). Unlawful signs within the public right-of-way may be removed summarily by the Commissioner. *Id.* § 1917(5). The owner of an unlawful sign may be required to pay the cost of removal by the Commissioner, as well as a penalty of up to $100. *Id.* §§ 1917(2)-(3), 1920.

The State also points to the legislative history of section 1917-B, which quite plainly indicates that the Maine Legislature, in enacting the section in 2015, *see* 2015 Me. Pub. L. ch. 403, § 6,[1] did not intend to alter or diminish the Commissioner's sole statutory authority to remove signs from public rights-of-way. *See* State's Opposition to Motion to Dismiss at 5-8, *citing* L.D. 1592 (127th Me. Legis. 2015).

The court does not agree entirely with either side's interpretation of the statute at issue, 23 M.R.S. §1917-B.

---

[1] The Legislature enacted section 1917-B in response to the United States Supreme Court decision in *Reed v. Gilbert*, 576 U.S. __, 135 S. Ct. 2218 (2015), in which the court invalidated a sign ordinance that imposed stricter standards for religious signs than political signs. The predecessor to section 1917-B prohibited the removal of political signs only, *see* 23 M.R.S. § 1917-A (repealed 2015), so it was considered of doubtful validity in light of *Reed*.

The State is entirely correct that the statutes do not expressly authorize anyone other than the Commissioner of Transportation to remove temporary signs in public rights-of-way. However, it does not necessarily follow that therefore anyone else who removes any temporary sign from a public right-of-way violates section 1917-B.

In fact, the current statutes do not expressly authorize the people who put temporary signs in public rights-of-way to remove them. The statute repealed and replaced by Section 1917-B did say that the prohibition on removal of political signs did not apply to persons authorized by candidates or political committees to remove the candidates' or committees' signs, *see* 23 M.R.S. § 1917-A, *repealed* by 2015 Me. Pub. L. ch. 403, §5, but the new provision, section 1917-B does not contain any similar exclusion. Section 1917-B does say that it does not apply to "a person authorized to remove signs placed within the public right-of-way in accordance with section 1913-A, subsection 1, paragraph L," but it does not say who is so authorized or who does the authorizing.

The sponsors of garage sales and baked bean suppers, as well as the political candidates and advocates of ballot questions, all of whom place signs in public rights-of-way, would likely be surprised to learn that the law does not, at least expressly, authorize them to remove their own signs from public rights-of-way.

Moreover, it is not only the placers of signs who, as a matter of common sense and logic, should be able to remove temporary signs without being deemed in violation of law. If only the Commissioner can remove any temporary signs from a public right-of-way, a property owner risks being fined for cleaning up damaged or destroyed

temporary signs that have been lying in the public way in front of the property for far longer than the law allows. The volunteers who perform roadside cleanups in service to the community would also be in violation for cleaning up damaged or abandoned temporary signs. Town employees and property owners who mow grassy areas in medians and along the front of their properties would be in violation for moving (i.e. "disturbing") signs. Such cannot be the law.

These examples serve to illustrate two points.

The first point is that the fact that the Maine statutes expressly authorize only the Commissioner to remove signs from the public right-of-way does not mean that anyone else who does so is necessarily violating section 1917-B. The other point is that the Maine Legislature could logically have decided to limit the section 1917-B penalty for removing temporary signs to exclude signs that are not lawfully placed or that have overstayed the six-week-per-year time limit.

That is the Defendants' position, and the plain language of section 1917-B supports their position, up to a point. Section 1917-B prohibits the removal of temporary signs "placed within the public right-of-way in accordance with" section 1913-A(1)(L). To interpret section 1917-B to prohibit the removal of any temporary sign, whether or not it is placed in accordance with section 1913-A(1)(L), is to ignore part of the statute. "All words in a statute are to be given meaning, and no words are to be treated as surplusage if they can be reasonably construed." *Davis Forestry Prods., Inc. v. DownEast Power Co.*, 2011 ME 10, ¶ 9, 12 A.3d 1180.

6

The reference to section 1913-A(1)(L) can indeed be reasonably construed. Section 1913-A(1)(L) regulates the placement of temporary signs in two ways: temporary signs bearing the same or substantially similar messages must be placed at least 30 feet apart, and temporary signs cannot be placed in the public way for more than six weeks in any calendar year. The Legislature could reasonably have decided not to penalize the removal of temporary signs that have been placed too close together or left for too long in a public right-of-way. That interpretation would promote and motivate the proper positioning of temporary signs and also motivate the removal of temporary signs after they have been up for six weeks. That interpretation also means that those who clean up damaged or abandoned signs are not violating the law.

However, the court disagrees with Defendants' contention that section 1917-B does not prohibit removal of a temporary sign if the small print on the sign does not comply with section 1913-A(1)(L). The phrase in section 1917-B "placed in accordance" has a clear and obvious meaning that focuses on the location and duration of a sign's placement in the public right-of-way, and that does not implicate the content or wording of a sign.

Moreover, it is not likely that the Legislature intended to allow content-based censorship by removal of temporary signs. Under Defendants' interpretation, self-appointed private sign monitors from one competing faction or candidate (or from a bean supper or garage sale for that matter) could roam the public rights-of-way with magnifying glasses, scrutinizing the small print in the opposition's temporary signs and

7

could remove signs that they deemed not worded in exact compliance with section 1913-A(1)(L). That scenario cannot have been intended by the Legislature.

Accordingly, the court construes section 1917-B to prohibit the removal of temporary signs that are placed in accord with the sign placement requirements of section 1913-A(1)(L), whether or not the signs contain the wording that is also required by section 1913-A(1)(L).

Because the Defendants' combined Motion to Dismiss rests solely on the wording of the signs, and because there is a factual dispute about the placement of the signs at issue, Defendants' Motion to Dismiss must be denied.

IT IS ORDERED: Defendants' combined Motion to Dismiss is denied in each case. The Clerk will schedule these cases for a conference of counsel at which a schedule and procedure for a consolidated evidentiary hearing will be established.

Dated July 7, 2017

_____
A. M. Horton, Justice

STATE OF MAINE

vs

MARTHA MURDICK
21 ANDREWS AVE
FALMOUTH ME 04105

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-VI-2016-00875

**DOCKET RECORD**

DOB: 02/21/1972
Attorney:    KENT MURDICK                                    State's Attorney:    STEPHANIE ANDERSON
             KENT G MURDICK ESQ PC
             PO BOX 221
             24 MILLS ROAD
             NEWCASTLE ME 04553
             RETAINED 12/08/2016

Filing Document:    UNIFORM SUMMONS AND COMPLAINT    Major Case Type:  CIVIL VIOLATION
Filing Date:            11/28/2016

**Charge(s)**

1    DISTURBING POLITICAL SIGNS                                  10/14/2016    FALMOUTH
Seq 3035          23    1917-A(1)            Class V
                                                        Amended 05/24/2017

**Docket Events:**

12/02/2016 FILING DOCUMENT - UNIFORM SUMMONS AND COMPLAINT FILED ON 11/28/2016

12/02/2016 Charge(s):  1
          HEARING - ARRAIGNMENT SCHEDULE OTHER COURT ON 12/15/2016 at 08:30 a.m. in Room No. 1

          PORSC
12/08/2016 Party(s):   MARTHA MURDICK
          ATTORNEY - RETAINED ENTERED ON 12/08/2016

          Attorney: KENT MURDICK
12/20/2016 Charge(s):  1
          HEARING - ARRAIGNMENT WAIVED ON 12/15/2016

12/20/2016 Charge(s):  1
          PLEA - DENY ENTERED BY COUNSEL ON 12/15/2016

12/20/2016 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 02/15/2017 at 08:30 a.m. in Room No. 7

02/03/2017 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 02/03/2017

02/15/2017 HEARING - DISPOSITIONAL CONFERENCE HELD ON 02/15/2017
          MARIA  WOODMAN , JUDGE
          Attorney: KENT MURDICK
          DA: JULIA SHERIDAN
          OFFER MADE. CASE UNRESOLVED AND SET FOR TRIAL.
05/11/2017 Charge(s):  1
          TRIAL - BENCH SCHEDULED FOR 05/22/2017 at 08:30 a.m. in Room No. 11

05/22/2017 Charge(s):  1
          TRIAL - BENCH CONTINUED ON 05/22/2017

05/22/2017 Charge(s):  1
          TRIAL - BENCH SCHEDULED FOR 05/24/2017 at 01:30 p.m.

05/24/2017 Charge(s):  1
          TRIAL - BENCH NOT HELD ON 05/24/2017

05/24/2017 HEARING - OTHER HEARING HELD ON 05/24/2017 at 01:30 p.m. in Room No. 11

ANDREW HORTON , JUSTICE

Attorney: KENT MURDICK

DA: JULIA SHERIDAN

Defendant Present in Court

COURT REPORTER TIMOTHY THOMPSON                    STATE'S EXHIBIT A ADMITTED WITHOUT
OBJECTION. CASES CONSOLIDATED (UNOPPOSED). COMPLAINT AMENDED TO "UNAUTHORIZED REMOVAL OF
TEMPORARY SIGNS." NEW DEADLINES SET: DEFENDANT'S BRIEF DUE JUNE 7TH, STATE'S RESPONSE DUE JUNE
21ST, DEFENDANT'S RESPONSE DUE JUNE 28TH.

05/24/2017 Charge(s): 1

CHARGE - AMENDMENT ENTERED BY COURT ON 05/24/2017

ANDREW HORTON , JUSTICE

CHARGE AMENDED FROM 1917-A: UNLAWFUL REMOVAL OF POLITICAL SIGNS TO 1917-B: UNLAWFUL
REMOVAL OF TEMPORARY SIGNS. MEJIS DOES NOT HAVE THE UPDATED STATUTE IN THE SYSTEM AND WILL
NOT ALLOW AMENDED CHARGE TO BE ENTERED.

05/24/2017 NOTE - OTHER CASE NOTE ENTERED ON 05/24/2017

ANDREW HORTON , JUSTICE

CASE CONSOLIDATED WITH VI-16-876 AND VI-16-878

05/25/2017 OTHER FILING - COURT ORDER FILED ON 05/25/2017

ANDREW HORTON , JUSTICE

CASES ARE CONSOLIDATED BY AGREEMENT FOR ALL PURPOSES. STATE'S EXHIBIT A IS ADMITTED.
DEFENDANT'S BRIEF OR BRIEFS ON THEIR MOTION SHALL BE FILED BY 6/7/17. STATE'S BRIEF SHALL BE FILED
BY 6/21/17. ANY REPLY BRIEF(S) BY DEFENDANTS SHALL BE FILED BY 6/28/17. ORAL ARGUMENT WILL BE
SCHEDULED UPON ANY PARTY'S REQUEST AND MAY BE SCHEDULED ON THE COURT'S INITIATAIVE.

06/09/2017 OTHER FILING - OTHER DOCUMENT FILED ON 06/07/2017


Attorney: KENT MURDICK

DEFENDANT'S TRIAL BRIEF

06/20/2017 OTHER FILING - OTHER DOCUMENT FILED ON 06/20/2017


DA: JULIA SHERIDAN

STATE'S OPPOSITION TO MOTION TO DISMISS.

07/05/2017 OTHER FILING - OTHER DOCUMENT FILED ON 06/30/2017


DEFENDANT'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT AS A MATTER OF LAW

07/12/2017 MOTION - MOTION TO DISMISS MADE ORALLY BY DEF ON 05/24/2017


07/12/2017 MOTION - MOTION TO DISMISS DENIED ON 07/10/2017

ANDREW HORTON , JUSTICE

07/12/2017 Charge(s): 1

OTHER FILING - COURT ORDER FILED ON 07/10/2017

ANDREW HORTON , JUSTICE

ORDER ON ORAL MOTION TO DISMISS FILED 5-24-17. PLEASE SEE ORDER IN FILE

A TRUE COPY
ATTEST: _____
Clerk

STATE OF MAINE
vs
HEIDI F KENDRICK
159 CONGRESS ST #2
PORTLAND ME 04101

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No   CUMCD-VI-2016-00876

**DOCKET RECORD**

DOB: 11/18/1973
Attorney:      KENT MURDICK                                    State's Attorney:      STEPHANIE ANDERSON
               KENT G MURDICK ESQ PC
               PO BOX 221
               24 MILLS ROAD
               NEWCASTLE ME 04553
               RETAINED 12/08/2016

Filing Document:      UNIFORM SUMMONS AND COMPLAINT      Major Case Type:  CIVIL VIOLATION
Filing Date:          11/28/2016

**Charge(s)**

1   DISTURBING POLITICAL SIGNS                                     10/14/2016      FALMOUTH
Seq 3035          23     1917-A(1)            Class V
                                                        Amended 05/24/2017

**Docket Events:**

12/02/2016 FILING DOCUMENT - UNIFORM SUMMONS AND COMPLAINT FILED ON 11/28/2016

12/02/2016 Charge(s):  1
           HEARING - ARRAIGNMENT SCHEDULE OTHER COURT ON 12/15/2016 at 08:30 a.m. in Room No.  1

           PORSC
12/08/2016 Party(s):    HEIDI F KENDRICK
           ATTORNEY - RETAINED ENTERED ON 12/08/2016

           Attorney: KENT MURDICK
12/20/2016 Charge(s):  1
           HEARING - ARRAIGNMENT WAIVED ON 12/15/2016

12/20/2016 Charge(s):  1
           PLEA - DENY ENTERED BY COUNSEL ON 12/15/2016

12/20/2016 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 02/15/2017 at 08:30 a.m. in Room No.  7

02/03/2017 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 02/03/2017

02/15/2017 HEARING - DISPOSITIONAL CONFERENCE HELD ON 02/15/2017
           MARIA  WOODMAN , JUDGE
           Attorney: KENT MURDICK
           DA: JULIA SHERIDAN
           OFFER MADE. CASE UNRESOLVED AND SET FOR TRIAL.
05/11/2017 Charge(s):  1
           TRIAL - BENCH SCHEDULED FOR 05/22/2017 at 08:30 a.m. in Room No.  11

05/22/2017 Charge(s):  1
           TRIAL - BENCH CONTINUED ON 05/22/2017

05/22/2017 Charge(s):  1
           TRIAL - BENCH SCHEDULED FOR 05/24/2017 at 01:30 p.m.

05/24/2017 Charge(s):  1
           TRIAL - BENCH NOT HELD ON 05/24/2017

05/24/2017  HEARING - OTHER HEARING HELD ON 05/24/2017 at 01:30 p.m. in Room No. 11

ANDREW  HORTON , JUSTICE

Attorney:  KENT MURDICK

DA:  JULIA SHERIDAN ,

Defendant Not Present in Court

COURT REPORTER TIMOTHY THOMPSON                    STATE'S EXHIBIT A ADMITTED WITHOUT
OBJECTION. CASES CONSOLIDATED (UNOPPOSED). COMPLAINT AMENDED TO "UNAUTHORIZED REMOVAL OF
TEMPORARY SIGNS." NEW DEADLINES SET: DEFENDANT'S BRIEF DUE JUNE 7TH, STATE'S RESPONSE DUE JUNE
21ST, DEFENDANT'S RESPONSE DUE JUNE 28TH.

05/24/2017  Charge(s):  1

CHARGE - AMENDMENT ENTERED BY COURT ON 05/24/2017

ANDREW  HORTON , JUSTICE

CHARGE AMENDED FROM 1917-A: UNLAWFUL REMOVAL OF POLITICAL SIGNS TO 1917-B: UNLAWFUL
REMOVAL OF TEMPORARY SIGNS. MEJIS DOES NOT HAVE THE UPDATED STATUTE IN THE SYSTEM AND WILL
NOT ALLOW AMENDED CHARGE TO BE ENTERED.

05/24/2017  NOTE - OTHER CASE NOTE ENTERED ON 05/24/2017

ANDREW  HORTON , JUSTICE

CASE CONSOLIDATED WITH VI-16-875 AND VI-16-878

05/25/2017  OTHER FILING - COURT ORDER FILED ON 05/25/2017

ANDREW  HORTON , JUSTICE

CASES ARE CONSOLIDATED BY AGREEMENT FOR ALL PURPOSES. STATE'S EXHIBIT A IS ADMITTED.
DEFENDANT'S BRIEF OR BRIEFS ON THEIR MOTION SHALL BE FILED BY 6/7/17. STATE'S BRIEF SHALL BE FILED
BY 6/21/17. ANY REPLY BRIEF(S) BY DEFENDANTS SHALL BE FILED BY 6/28/17. ORAL ARGUMENT WILL BE
SCHEDULED UPON ANY PARTY'S REQUEST AND MAY BE SCHEDULED ON THE COURT'S INITIATAIVE.

06/09/2017  OTHER FILING - OTHER DOCUMENT FILED ON 06/07/2017


Attorney:  KENT MURDICK

DEFENDANT'S TRIAL BRIEF

06/20/2017  OTHER FILING - OTHER DOCUMENT FILED ON 06/20/2017


DA:  JULIA SHERIDAN

STATE'S OPPOSITION TO MOTION TO DISMISS.

07/05/2017  OTHER FILING - OTHER DOCUMENT FILED ON 06/30/2017


DEFENDANT'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT AS A MATTER OF LAW

07/12/2017  MOTION - MOTION TO DISMISS MADE ORALLY BY DEF ON 05/24/2017


07/12/2017  MOTION - MOTION TO DISMISS DENIED ON 07/10/2017

ANDREW  HORTON , JUSTICE

07/12/2017  OTHER FILING - COURT ORDER FILED ON 07/10/2017

ANDREW  HORTON , JUSTICE

ORDER ON DEFENDANT'S ORAL MOTION TO DISMISS FILED 5-24-17. PLEASE SEE ORDER IN FILE

A TRUE COPY
ATTEST: _____
          Clerk

STATE OF MAINE                                          CRIMINAL DOCKET
      vs                                                CUMBERLAND, ss.
ELIZABETH A STOTHART                                    Docket No    CUMCD-VI-2016-00878
75 UNDERWOOD RD
FALMOUTH ME 04105                                       **DOCKET RECORD**

DOB: 07/20/1964
Attorney:      BENJAMIN DONAHUE              State's Attorney:    STEPHANIE ANDERSON
               HALLETT ZERILLO & WHIPPLE PA
               6 CITY CENTER STE 208
               PORTLAND ME 04112-7508
               RETAINED 11/14/2016
Filing Document:    UNIFORM SUMMONS AND COMPLAINT    Major Case Type:  CIVIL VIOLATION
Filing Date:        11/29/2016

**Charge(s)**

1    DISTURBING POLITICAL SIGNS                         10/14/2016    FALMOUTH
Seq 3035        23    1917-A(1)         Class V
                                            Amended 05/24/2017

**Docket Events:**

12/02/2016  FILING DOCUMENT - UNIFORM SUMMONS AND COMPLAINT FILED ON 11/29/2016


12/02/2016  Charge(s):  1
            HEARING - ARRAIGNMENT SCHEDULE OTHER COURT ON 12/15/2016 at 08:30 a.m. in Room No. 1


            PORSC
12/02/2016  Party(s):    ELIZABETH A STOTHART
            ATTORNEY - RETAINED ENTERED ON 11/14/2016


            Attorney: BENJAMIN DONAHUE
12/20/2016  Charge(s):  1
            HEARING - ARRAIGNMENT WAIVED ON 12/15/2016


12/20/2016  Charge(s):  1
            PLEA - DENY ENTERED BY COUNSEL ON 12/15/2016


12/20/2016  HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 02/15/2017 at 08:30 a.m. in Room No. 7


02/03/2017  HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 02/03/2017


02/15/2017  HEARING - DISPOSITIONAL CONFERENCE HELD ON 02/15/2017
            MARIA  WOODMAN , JUDGE
            Attorney: BENJAMIN DONAHUE
            DA: JULIA SHERIDAN
            OFFER MADE. CASE UNRESOLVED AND SET FOR TRIAL.
05/11/2017  Charge(s):  1
            TRIAL - BENCH SCHEDULED FOR 05/22/2017 at 08:30 a.m. in Room No. 11


05/22/2017  Charge(s):  1
            TRIAL - BENCH CONTINUED ON 05/22/2017


05/22/2017  Charge(s):  1
            TRIAL - BENCH SCHEDULED FOR 05/24/2017 at 01:30 p.m.


05/24/2017  OTHER FILING - OTHER DOCUMENT FILED ON 05/23/2017


            TRIAL BRIEF

Attorney: BENJAMIN DONAHUE

05/24/2017  Charge(s):  1

TRIAL - BENCH NOT HELD ON 05/24/2017

05/24/2017  HEARING - OTHER HEARING HELD ON 05/24/2017 at 01:30 p.m. in Room No. 11

ANDREW  HORTON , JUSTICE

Attorney: BENJAMIN DONAHUE

DA:  JULIA SHERIDAN

Defendant Present in Court

COURT REPORTER TIMOTHY THOMPSON                          STATE'S EXHIBIT A ADMITTED WITHOUT OBJECTION. CASES CONSOLIDATED (UNOPPOSED). COMPLAINT AMENDED TO "UNAUTHORIZED REMOVAL OF TEMPORARY SIGNS." NEW DEADLINES SET: DEFENDANT'S BRIEF DUE JUNE 7TH, STATE'S RESPONSE DUE JUNE 21ST, DEFENDANT'S RESPONSE DUE JUNE 28TH.

05/24/2017  Charge(s):  1

CHARGE - AMENDMENT ENTERED BY COURT ON 05/24/2017

ANDREW  HORTON , JUSTICE

CHARGE AMENDED FROM 1917-A: UNLAWFUL REMOVAL OF POLITICAL SIGNS TO 1917-B: UNLAWFUL REMOVAL OF TEMPORARY SIGNS. MEJIS DOES NOT HAVE THE UPDATED STATUTE IN THE SYSTEM AND WILL NOT ALLOW AMENDED CHARGE TO BE ENTERED.

05/24/2017  NOTE - OTHER CASE NOTE ENTERED ON 05/24/2017

ANDREW  HORTON , JUSTICE

CASE CONSOLIDATED WITH VI-16-875 AND VI-16-876

05/25/2017  OTHER FILING - COURT ORDER FILED ON 05/25/2017

ANDREW  HORTON , JUSTICE

CASES ARE CONSOLIDATED BY AGREEMENT FOR ALL PURPOSES. STATE'S EXHIBIT A IS ADMITTED. DEFENDANT'S BRIEF OR BRIEFS ON THEIR MOTION SHALL BE FILED BY 6/7/17. STATE'S BRIEF SHALL BE FILED BY 6/21/17. ANY REPLY BRIEF(S) BY DEFENDANTS SHALL BE FILED BY 6/28/17. ORAL ARGUMENT WILL BE SCHEDULED UPON ANY PARTY'S REQUEST AND MAY BE SCHEDULED ON THE COURT'S INITIATAIVE.

06/07/2017  OTHER FILING - OTHER DOCUMENT FILED ON 06/07/2017

Attorney: BENJAMIN DONAHUE

DEFENDANT'S AMENDED TRIAL BRIEF

06/20/2017  OTHER FILING - OTHER DOCUMENT FILED ON 06/20/2017

DA:  JULIA SHERIDAN

STATE'S OPPOSITION TO MOTION TO DISMISS.

06/30/2017  MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 06/27/2017

07/05/2017  OTHER FILING - OTHER DOCUMENT FILED ON 06/30/2017

DEFENDANT'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT AS A MATTER OF LAW

07/12/2017  MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 07/03/2017

ANDREW  HORTON , JUSTICE

07/12/2017  MOTION - MOTION TO DISMISS MADE ORALLY BY DEF ON 05/24/2017

07/12/2017  MOTION - MOTION TO DISMISS DENIED ON 07/10/2017

ANDREW  HORTON , JUSTICE

07/12/2017  OTHER FILING - COURT ORDER FILED ON 07/10/2017

ANDREW  HORTON , JUSTICE

ORDER ON DEFENDANT'S ORAL MOTION TO DISMISS FILED 5-24-17. PLEASE SEE ORDER IN FILE.

A TRUE COPY
ATTEST: _____
Clerk